FILED: NEW YORK COUNTY CLERK 08/02/2018 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 157238/2018
RECEIVED NYSCEF: 08/03/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
DARRIS D. DAVIS,

              Plaintiff,

-against-

TERRY WEHRMAN and
CALEDONIA HAULERS LLC,

              Defendants.
---------------------------------------------------------------X

Index No.:

**SUMMONS**

**Jury Trial Demanded**

The basis of venue is
Plaintiff's residence:
71 West 112th st. Apt. 10A
New York, NY 10026

TO THE ABOVE NAMED DEFENDANT(S):

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorney(s) within twenty days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       August 2, 2018

NAPOLI SHKOLNIK, LLP
*Attorneys for Plaintiff*

By _____
Joseph Napoli, Esq.
360 Lexington Avenue, 11th Fl.
New York, New York 10017
(212) 397-1000

TO:
TERRY WEHRMAN
111 NORTH 4TH
ABBOTSFORD, WISCONSIN 54405

CALEDONIA HAULERS LLC
420 WEST LINCOLN STREET
CALEDONIA, MINNESOTA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
DARRIS D. DAVIS,                                          Index No.:
                                                          Date Filed:
                         Plaintiff,

         -against-                                        **VERIFIED COMPLAINT**

TERRY WEHRMAN and CALEDONIA HAULERS LLC,

                         Defendants.
-------------------------------------------------------------------X

Plaintiff DARRIS D. DAVIS, by his attorneys, NAPOLI SHKOLNIK, LLP, upon information and belief, at all times hereinafter mentioned, alleges the following:

### AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

1. At the time of the accident, May 5, 2017, Plaintiff DARRIS D. DAVIS was a lawful resident of New York, City of New York and State of New York.

2. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN was a resident of Abbotsford, State of Wisconsin.

3. The cause of action arose in the County of Queens, City of New York and State of New York.

4. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN was the owner of a 2014 Peterbilt Tanker motor vehicle bearing Minnesota State license plate number PAM6918.

5. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN was the registered owner of a 2014 Peterbilt Tanker motor vehicle bearing Minnesota State license plate number PAM6918, hereinafter referred to as "Motor Vehicle Two."

6. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN operated Motor Vehicle Two with the permission and consent of the registered owner.

7. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN operated Motor Vehicle Two on the roads of Queens County, City of New York and/or the roads and public highways within the State of New York.

8. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN maintained Motor Vehicle Two.

9. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN inspected Motor Vehicle Two.

10. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN supervised the use and operation of Motor Vehicle Two.

11. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN repaired Motor Vehicle Two.

12. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN managed Motor Vehicle Two.

13. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN was the lessee of Motor Vehicle Two.

14. That on May 5, 2017, and at all times herein mentioned, Defendant TERRY WEHRMAN was the lessor of Motor Vehicle Two.

15. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC, was a domestic entity, duly organized and existing under and by virtue of the laws of the State of New York.

16. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC, was a foreign entity, duly organized and existing under and by virtue of the laws of the State of Minnesota.

17. On or about May 5, 2017, Defendant CALEDONIA HAULERS LLC did and/or solicited business within the State of New York.

18. On or about May 5, 2017, Defendant CALEDONIA HAULERS LLC derived substantial revenue from goods used or consumed in the State of New York.

19. On or about May 5, 2017, Defendant CALEDONIA HAULERS LLC derived substantial revenue from services rendered in the State of New York.

20. On or about May 5, 2017, Defendant CALEDONIA HAULERS LLC expected, or should reasonably have expected, its acts and business activities to have consequences within the State of New York.

21. On or about May 5, 2017, Defendant CALEDONIA HAULERS LLC derived substantial revenues from interstate commerce.

22. On or about May 5, 2017, Defendant CALEDONIA HAULERS LLC derived substantial revenues from international commerce.

23. On or about May 5, 2017, Defendant CALEDONIA HAULERS LLC was a duly organized partnership existing and doing business under the laws of the State of Minnesota.

24. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC was the registered owner of Motor Vehicle Two.

25. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC operated Motor Vehicle Two on the roads of Queens County, City of New York and/or the roads and public highways within the State of New York.

26. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC controlled the use and operation of Motor Vehicle One.

27. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC maintained Motor Vehicle Two.

28. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC inspected Motor Vehicle Two.

29. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC supervised the use and operation of Motor Vehicle Two.

30. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC repaired Motor Vehicle Two.

31. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC managed Motor Vehicle Two.

32. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC was the lessee of Motor Vehicle Two.

33. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC was the lessor of Motor Vehicle Two.

34. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC was the owner of the medallion associated with Motor Vehicle Two.

35. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC was the lessor of the medallion associated with Motor Vehicle Two.

36. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC was the lessee of the medallion associated with Motor Vehicle Two.

FILED: NEW YORK COUNTY CLERK 08/02/2018 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 157238/2018
RECEIVED NYSCEF: 08/03/2018

37. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC was the employer of Defendant TERRY WEHRMAN.

38. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC managed the day-to-day operations of Defendant TERRY WEHRMAN.

39. That on May 5, 2017, and at all times herein mentioned, Defendant CALEDONIA HAULERS LLC controlled Defendant TERRY WEHRMAN.

40. That on May 5, 2017, and at all times mentioned herein, at or near 278I westbound Brooklyn Queens Expressway, County of Queens, State of New York, were public roadways and/or thoroughfaires.

41. That on May 5, 2017, and at all times mentioned herein, at or near 278I westbound Brooklyn Queens Expressway, County of Queens, State of New York, were public roadways and/or thoroughfaires.

42. On or about May 5, 2017, plaintiff, DARRIS D. DAVIS, was the driver in a 2014 JEEP bearing the New York license plate number HRE5407 (hereinafter, "Vehicle Number One").

43. On or about May 5, 2017, and at all times relevant to this Complaint, Vehicle Number Two came into violent contact with Vehicle Number One, at the aforesaid location.

44. On or about May 5, 2017, the above mentioned motor vehicles came into contact at the aforesaid location.

45. That as a result of the foregoing, the Plaintiff DARRIS D. DAVIS was injured.

46. That as a result of the foregoing, the Plaintiff DARRIS D. DAVIS was seriously and permanently injured.

47. That the aforesaid contact and accident and the injuries resulting therefrom, were due solely and wholly as a result of the careless, reckless, and negligent manner in which the

Defendants owned, operated and controlled the motor vehicle without the Plaintiff in any way contributing thereto.

48. The above-stated occurrence and the results thereof were caused by the negligence of the Defendants in the ownership, operation, management, maintenance, inspection, repair and control of Motor Vehicle Two; in operating same without due regard to the rights and safety of the Plaintiff; in operating said motor vehicle in a manner which unreasonably endangered the Plaintiff; in failing to obey traffic signals; in failing to properly steer, guide, manage and control said vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have prevented the occurrence; in failing to have made adequate and timely observation of and response to conditions then existing at the place and time of the occurrence; in failing to observe signs and signals prevailing at the time and place of the occurrence; in failing to keep a proper look-out when operating and controlling said vehicle; in failing to properly maintain said motor vehicle; in failing to give adequate and timely signal notice or warning of the approach of their vehicle; in operating said motor vehicle in violation of the applicable vehicle and traffic laws, rules, regulations, statutes and ordinances of New York County and State of New York.

49. That the aforesaid occurrence and its results thereof were in no way due to any negligence or culpable conduct on the part of the Plaintiff.

50. That this action falls within one or more of the exception set forth in CPLR 1601 and CPLR 1602.

51. Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic losses, irrespective of

the provisions of CPLR § 1601, by reason of the fact Defendants owed the Plaintiff a non-delegable duty of care.

52. Plaintiff's damages, including, but not limited to Plaintiff's non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact that each of the answering Defendants is vicariously liable for the negligent acts and omissions of their agents, servants, or employee, which persons or entities may be one or more of the co-Defendants to this action.

53. Pursuant to CPLR § 1602(5), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact that Defendants' wrongful conduct was intentional.

54. Pursuant to CPLR § 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic losses, irrespective of the provisions of CPLR § 1601 by reason of the fact that Defendants acted with reckless disregard for the safety of others.

55. Pursuant to CPLR § 1601 (11), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiff's injuries.

56. That by reason of the negligence of the Defendants as aforementioned, DARRIS D. DAVIS sustained serious bodily injuries, causing him great pain and discomfort in the past, present, and upon information and belief, in the future; he became and continues to be sick, sore, lame and disabled; upon information and belief, some of his injuries will be permanent; he was

and upon information and belief, will be, compelled to seek medical attention for these injuries; and has been and upon information and belief, will be, unable to attend to his usual economic, educational and social activities.

57. By reason of the wrongful, negligent and unlawful actions of the Defendants, as aforesaid, the Plaintiff DARRIS D. DAVIS sustained serious injuries as defined in §5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

58. By reason of the foregoing and the negligence of said Defendants, the Plaintiff DARRIS D. DAVIS is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries and that he will be caused to suffer pain, suffering, significant limitations and consequential limitations of use of the affected body parts; and disruption of her pre-accident life.

59. By reason of the foregoing, the Plaintiff DARRIS D. DAVIS was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the Plaintiff DARRIS D. DAVIS will necessarily incur additional similar expenses.

60. By reason of the foregoing, the Plaintiff DARRIS D. DAVIS has been unable to attend her usual occupation and vocation in the manner required.

61. That by reason of the foregoing, the Plaintiff has been damaged in sums, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### AS AGAINST DEFENDANT CALEDONIA HAULERS LLC: NEGLIGENT HIRING, SUPERVISION AND RETENTION OF DEFENDANT TERRY WEHRMAN

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained herein above in paragraphs "1" through "61" inclusive, with the same force and effect as if hereinafter set forth at length.

63. That Defendant CALEDONIA HAULERS LLC hired and retained Defendant TERRY WEHRMAN without performing sufficient and appropriate investigation into his background as related to his driving record.

64. That Defendant CALEDONIA HAULERS LLC hired and retained Defendant TERRY WEHRMAN without performing sufficient and appropriate investigation into his background as related to his driver's license record.

65. That Defendant CALEDONIA HAULERS LLC hired and retained Defendant TERRY WEHRMAN without performing sufficient and appropriate investigation into his background as related to his propensity for careless driving.

66. That Defendant CALEDONIA HAULERS LLC retained Defendant TERRY WEHRMAN despite knowing or having reason to know of his background as related to his driving record.

67. That Defendant CALEDONIA HAULERS LLC retained Defendant TERRY WEHRMAN despite knowing or having reason to know of his background as related to his driver's license record.

68. That Defendant CALEDONIA HAULERS LLC retained Defendant TERRY WEHRMAN despite knowing or having reason to know of his background as related to his propensity for careless driving.

69. That throughout his employment by Defendant CALEDONIA HAULERS LLC and, in particular, at the times alleged herein, Defendant TERRY WEHRMAN was not sufficiently trained or disciplined with regard to the safe operation of a motor vehicle.

70. That throughout his employment by Defendant CALEDONIA HAULERS LLC and, in particular, at the times alleged herein, Defendant TERRY WEHRMAN was not sufficiently supervised by Defendant CALEDONIA HAULERS LLC.

71. That by virtue of the foregoing, Defendant TERRY WEHRMAN presented an unwarranted and unreasonable danger to the public and to Plaintiff DARRIS D. DAVIS in particular.

72. That by virtue of the foregoing, Defendant CALEDONIA HAULERS LLC is liable to Plaintiff DARRIS D. DAVIS for the negligent actions of Defendant TERRY WEHRMAN and all of the personal injuries suffered by Plaintiff DARRIS D. DAVIS which were resultant therefrom.

73. The actions of defendant CALEDONIA HAULERS LLC constituted gross negligence, which warrants the awarding of exemplary damages to punish it for its wrongful conduct, protect the public against similar acts, deter it from a repetition of the same conduct, and serve as an example and warning to others.

74. That as a result of the foregoing, Plaintiff DARRIS D. DAVIS suffered severe personal injuries, loss and impairment that will continue for the foreseeable future, all to this Plaintiff's damage in the sum of which amount sought exceeds jurisdictional limits of all courts lower than the Supreme Court.

WHEREFORE, the Plaintiff demands judgment against the Defendants herein, in all causes of action, granting Plaintiff damages, together with the costs and disbursements of this

action, and state that the amount of damages sought herein, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Dated: New York, New York
August 2, 2018

                                                Yours, etc.
                                                NAPOLI SHKOLNIK, LLP

                                                By _____
                                                Joseph Napoli, Esq.
                                                Attorneys for Plaintiff
                                                360 Lexington Avenue
                                                New York, New York 10017
                                                (212) 397-1000

TO:
TERRY WEHRMAN
111 NORTH 4TH
ABBOTSFORD, WISCONSIN 54405

CALEDONIA HAULERS LLC
420 WEST LINCOLN STREET
CALEDONIA, MINNESOTA

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

Joseph P. Napoli, Esq., an attorney duly admitted to practice law in the Courts of this State, affirms the following under penalties of perjury:

I am the attorney for the plaintiff(s) in the above entitled-action. I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof, and upon information and belief, affirmant believes after an inquiry reasonable under the circumstances the matters alleged herein to be true, and that the contentions herein are not frivolous, as that term is defined in Part 130.

This verification is made by your affirmant because plaintiffs are not presently in the county wherein your affirmant maintains an office.

The source of affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file maintained by this office.

Dated: New York, New York
       August 2, 2018

_____
Joseph Napoli, Esq.
Attorneys for Plaintiff
360 Lexington Avenue
New York, New York 10017
(212) 397-1000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
DARRIS D. DAVIS,                                                    Index No.:

                             Plaintiff(s),

   -against-

TERRY WEHRMAN and CALEDONIA HAULERS LLC,

                            Defendant.
-------------------------------------------------------------------X

## SUMMONS & COMPLAINT

**NAPOLI SHKOLNIK LAW, PLLC**
Attorneys for Plaintiffs
360 Lexington Avenue, Eleventh Floor
New York, New York 10017
212-397-1000

The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that he/she has read the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-1.1(c).

                                                  Joseph P. Napoli, Esq.

Service of a copy of the within                   is hereby admitted.
Dated,
                                              ATTORNEY(S) FOR

PLEASE TAKE NOTICE:
   ☐ NOTICE OF ENTRY
      that the within is a (certified) true copy of an_____ duly entered in the office of the clerk of the within named court on _____ 2016.
   ☐ NOTICE OF SETTLEMENT
      that an order_____of which the within is a true copy will be presented for settlement to the HON. _____, one of the judges of the
      within named Court, at_____on_____
      201___ at _____ O'clock ___.M.
      Dated, _____
                                      Yours, etc.
                                      **NAPOLI SHKOLNIK LAW, PLLC**